The assignment is in legal form and passed the cause of action to the plaintiff. Sheridan v. Mayor, 68 N. Y. 30; Bedford v. Sherman, 68 Hun, 322; Toplitz v. King Bridge Co., 20 Misc. Rep. 578; Costello v. Herbst, 18 id. 180.

There are no other exceptions in the case that require comment. The judgment must be affirmed, with costs.

MacLean and Scott, JJ., concur.

Judgment affirmed, with costs.

---

John J. Vogts, Respondent, v. The Metropolitan Street Railway Co., Appellant.

Appeal by defendant from judgment in favor of plaintiff, rendered in the Municipal Court of the city of New York, third district, borough of Manhattan.

G. Glenn Worden, for appellant.

John J. Buckley, for respondent.

McAdam, P. J. The action was to recover for injuries to the plaintiff's horse and wagon and merchandise contained in the wagon, caused by the alleged negligence of defendant.

The accident occurred at Seventeenth street and Fourth avenue, in the borough of Manhattan. The plaintiff's driver testified that on December 22, 1900, at about 9:20 P. M., he drove east across Seventeenth street; that at Fourth avenue, after he had reached the down-town track of defendant's railroad he stopped his horse to allow defendant's up-town car to pass him; and that after the up-

town car passed him, and while attempting to get his horse over the up-town track defendant's south-bound car struck his wagon, thereby causing the horse to fall, and overturning the wagon, and inflicting the injuries complained of.

The vital question on this appeal is presented by the exception to the denial of defendant's motion, made at the end of plaintiff's testimony, and renewed at the end of the entire case, to dismiss the complaint on the ground that plaintiff had not proved negligence on the part of defendant, and plaintiff's freedom from contributory negligence.

The driver testified that he drove slowly, and after he reached the down-town track he was equidistant from the up-town and down-town cars, each of them being half a block away from him; that he waited for the up-town car to pass him, and let off passengers at Seventeenth street; that he then started his horse, and immediately after resuming his course was struck by the down-town car. It appears that the night was dark, the wagon unlighted, and that the south-bound car was running rapidly.

Assuming that the defendant negligently operated the down-town car, and that the plaintiff's driver's testimony is true, we think that the driver was guilty of negligence, contributing to the accident in waiting on the south-bound track until the up-town car passed him. So that not only does this witness not prove absence of contributory negligence, but he affirmatively proves that he was guilty of negligence contributing to the accident.

For the plaintiff's proof shows that there was nothing to hinder the driver from backing his horse west of the south-bound track, or standing west of that track until the south-bound car passed him.

The unreliability of the evidence in behalf of plaintiff may be judged from the fact that the driver swore he waited on the south-bound track three minutes for the up-town car to pass him, and that another of plaintiff's witnesses positively and emphatically swore that defendant's south-bound car traveled 200 feet in one second. The little reliable testimony as to the cause of the accident furnished on plaintiff's part was clearly outweighed by the evidence of defendant's witnesses.

We think the motion for a nonsuit should have been granted.

MacLEAN and SCOTT, JJ., concur.

Judgment reversed, and new trial granted, with costs to appellant to abide event.